**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERRY ROBERT AVILA, | No. 10-17199 |
| Plaintiff - Appellant, | D.C. No. 3:03-cv-01774-WHA |
| v. | |
| JOE McGRATH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

California state prisoner Perry Robert Avila appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging federal and state

law claims related to the confiscation of certain publications.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Leever v. Carson City*, 360 F.3d 1014, 1017 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Avila's First Amendment claim because Avila failed to raise a genuine dispute of material fact as to whether state regulations prohibiting inmates from accessing sexually explicit or obscene materials were unrelated to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (setting forth four-factor test to analyze validity of regulations that impinge on inmates' constitutional rights). The district court also properly concluded that defendants made an individualized determination as to whether each publication at issue violated relevant regulations. *See Thornburgh v. Abbott*, 490 U.S. 401, 416-17 (1989) (specific determinations as opposed to predetermined categorical exclusions do not violate First Amendment).

The district court properly granted summary judgment on Avila's equal protection claim because Avila failed to raise a triable dispute as to whether the regulations at issue intentionally discriminated against him based on a protected classification, arbitrarily treated him differently from other similarly situated inmates, or violated a fundamental right. *See Klarfeld v. United States*, 944 F.2d 583, 587 (9th Cir. 1991) (no equal protection violation if classification scheme is not inherently invidious, does not impinge on fundamental rights, or is rationally

related to legitimate governmental objectives); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999) (indigent prisoners are not a suspect class for equal protection claim).

The district court properly granted summary judgment on Avila's due process claim because Avila failed to raise a triable dispute as to whether he had a property interest in accessing sexually explicit or obscene materials under California law, or whether defendants failed to provide him any process he was due before the materials were confiscated. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (due process requires notice and an opportunity to be heard); *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1030 (9th Cir. 2010) ("State law creates a property interest protected by the Due Process Clause where it creates a 'legitimate claim of entitlement' to a particular benefit." (citation omitted)).

Avila's remaining contentions are unpersuasive.

Issues not expressly raised on appeal are deemed waived. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**

10-17199